UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TONY WASHINGTON | * | CIVIL ACTION NO. 23-7194 |
| | * | |
| VERSUS | * | SECTION: "P"(1) |
| | * | |
| U.S. BANK NATIONAL ASSOCIATION, | * | JUDGE DARREL JAMES PAPILLION |
| NATIONSTAR MORTGAGE, LLC, AND | * | |
| ANTHONY J. CIACCIO | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| *********************************** | * | |

## REPORT AND RECOMMENDATION

The plaintiff in this action asserts a claim under 11 U.S.C. § 362(k) alleging that the defendants wrongfully foreclosed on his home in violation of a bankruptcy stay. The defendant bank and mortgage company have filed a Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 5), that was referred to the undersigned for a report and recommendation by the District Judge, (Rec. Doc. 7). For the following reasons, IT IS RECOMMENDED that defendants' Motion to Dismiss be DENIED and that this matter be referred to the bankruptcy judge of the Eastern District of Louisiana.

### Background

Plaintiff Tony Washington is proceeding pro se without the assistance of counsel. He alleges that U.S. Bank National Association, Nationstar Mortgage LLC, and Anthony Ciaccio willfully violated the automatic bankruptcy stay that was granted to him. In September 2022, a sheriff evicted him from his home. He alleges that U.S. Bank and Nationstar were notified of the bankruptcy stay but they failed to stop the foreclosure sale. He alleges that Mr. Ciaccio—the buyer of the property—also knew of the bankruptcy actions filed by Mr. Washington and yet Mr. Ciaccio never filed a lift of the stay with the courts.

1

According to U.S. Bank and Nationstar, Mr. Washington has filed six separate Chapter 13 bankruptcy actions between 2015 and 2022. They say that all were dismissed without discharge, the last on August 2, 2022. They also say that on that same date, Bankruptcy Judge Grabill ordered that Mr. Washington be prohibited from filing any further bankruptcy actions for a period of one year.

Mr. Washington filed the present action on December 6, 2023, in this Court seeking over $6 million in damages for defendants' alleged wrongful violation of the automatic bankruptcy stay. In the present motion, U.S. Bank and Nationstar argue that Mr. Washington's lawsuit must be dismissed because the bankruptcy court has exclusive jurisdiction over his claims. Mr. Washington responds that the federal district courts also have jurisdiction over his claims. He argues further that it is clear that the Court could refer this matter to the bankruptcy courts. U.S. Bank and Nationstar did not file a reply.

Law and Analysis

1. *Rule 12(b)(1)*

A party may seek dismissal of claims against it for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Dismissals for lack of standing fall under this rule. Moore v. Bryant, 853 F.3d 245, 248 (5th Cir. 2017). "The requirement that a litigant have standing derives from Article III of the Constitution, which confines federal courts to 'adjudicating actual cases and controversies.'" Id. (quoting Henderson v. Stalder, 287 F.3d 374, 378 (5th Cir. 2002). To establish standing, the plaintiff must have suffered an injury in fact, there must be a causal connection between the injury and the conduct complained of, and it must be likely (as opposed to merely speculative) that the injury will be redressed by a favorable decision. Id.

2. *Actions under 11 U.S.C. § 362(k)*

When a debtor files a bankruptcy petition under the Bankruptcy Code, "a broad range of enumerated acts against the debtor, acts to recover claims against the debtor, acts against property of the estate, acts against property in the possession or control of the debtor, and acts against property of the debtor" are automatically stayed. 5A Fed. Proc., L. Ed. § 9:1065; see 11 U.S.C. 362(a). The Bankruptcy Code provides further that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k).

"[T]he district courts shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). "[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Id. at § 1334(b). "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C.A. § 157(a). In this Court, the Local Rules provide that "[a]ll cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are transferred by the district court to the bankruptcy judges of this district." L.R. 83.4.1.

3. *Analysis*

Defendants argue that this Court lacks subject matter jurisdiction because the bankruptcy courts have exclusive jurisdiction over actions under § 362(k). Defendants cite two cases that refer to the "exclusive" jurisdiction of the bankruptcy court, but those courts were distinguishing the bankruptcy court's jurisdiction from a state court's jurisdiction. See Halas v. Platek, 239 B.R. 784,

3

792 (N.D. Ill. 1999); In re Theokary, No. BANKR 07-11008DWS, 2008 WL 5329310, at *2 (Bankr. E.D. Pa. Dec. 19, 2008).[1] As explained by a bankruptcy court in Texas:

> While a district court does not, in the strictest sense of the word, share concurrent jurisdiction with a bankruptcy court—under most orders referring cases arising under title 11 from district courts to bankruptcy courts, debtors must file their bankruptcy cases initially in bankruptcy court—district courts and bankruptcy courts are generally considered to share jurisdiction to hear cases arising under title 11, and, the bankruptcy court only enjoys that jurisdiction at the discretion of the district court through the latter's order of reference.

In re Pilgrim's Pride Corp., 442 B.R. 522, 530 n. 15 (Bankr. N.D. Tex. 2010). And while most courts have standing orders or local rules referring bankruptcy cases to their bankruptcy courts, such referral orders "do not divest the district courts of jurisdiction to hear bankruptcy cases, and the reference to the bankruptcy courts may be withdrawn." Id.

Here, plaintiff argues that his case could be referred to the bankruptcy court for the Eastern District of Louisiana. Defendants did not respond to his proposition.

The Court finds that although this Court has jurisdiction to consider plaintiff's §362(k) claim, the Court's Local Rules require that cases under Title 11 and cases arising under Title 11 be transferred to the bankruptcy judges of this district. The Court finds that transfer, and not dismissal, is the appropriate course of action here. Accordingly,

IT IS RECOMMENDED that defendants' Motion to Dismiss be DENIED and that this matter be referred to the bankruptcy judge of the Eastern District of Louisiana.

---

[1] Defendants also cite Heghmann v. Town of Rye, where the magistrate judge did not make a final determination of the subject matter jurisdiction issue but found the plaintiff had not shown a likelihood of success on the merits of his claim because he had not shown that he could meet his burden of establishing the Court's subject matter jurisdiction. 326 F. Supp. 2d 227, 232–33 (D.N.H. 2004). Nonetheless, the magistrate judge proceeded to issue a recommendation that plaintiff's motion for preliminary injunction be denied after considering plaintiff's likelihood of success on the actual merits of his claims. Id. at 235. The Heghmann court observed that its local rules required cases and proceedings in bankruptcy be referred to the bankruptcy court. Id. at 233.

4

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 10th day of June, 2024.

                                                            Janis van Meerveld
                                      United States Magistrate Judge